IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

DAESEAN SMITH,
    Plaintiff,

        v.                                         Civil No. 3:19cv826 (DJN)

HRRJ, *et al.*,
    Defendants.

**MEMORANDUM OPINION**

This matter comes before the Court on its own initiative.  Plaintiff, a federal inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.  (ECF No. 1.)  In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States.  *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983).  Neither "inanimate objects such as buildings, facilities, and grounds" nor collective terms such as "staff" or "agency" qualify as persons amenable to suit under § 1983.  *Lamb v. Library People Them*, 2013 WL 526887, at *2-3 (D.S.C. Jan. 22, 2013) (citations omitted) (internal quotations omitted) (explaining that the plaintiff's "use of the collective term 'people them' as a means to name a defendant in a § 1983 claim does not adequately name a 'person'"); *see Preval v. Reno*, 2000 WL 20591, at *1 (4th Cir. 2000) (Table) (citations omitted) (affirming the district court's determination that Piedmont Regional Jail is not a "person" under § 1983).  Additionally, Plaintiff's current allegations fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests").

Accordingly, by Memorandum Order entered on March 18, 2020, the Court directed Plaintiff to submit a particularized complaint within fourteen (14) days of the date of entry thereof. (ECF No. 7.)  The Court warned Plaintiff that the failure to submit the particularized complaint would result in the dismissal of this action.

More than fourteen (14) days have elapsed since the entry of the March 18, 2020 Memorandum Order.[1]  Plaintiff failed to submit a particularized complaint or otherwise respond to the March 18, 2020 Memorandum Order.  Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall issue.

The Clerk is directed to file this Memorandum Opinion electronically and send a copy to Plaintiff.

                                                     _____/s/_____
                                                     David J. Novak
                                                     United States District Judge

Richmond, Virginia
Date: April 29, 2020

---

[1]    Because the Court ordered Plaintiff to file a particularized complaint on March 18, 2020, the automatic extensions in General Orders 2020-03 and 2020-07 did not apply to Plaintiff's deadline.  Nevertheless, out of an abundance of caution due to the outbreak of the Coronavirus Disease 2019, the Court has afforded Plaintiff the extra time granted by the Court's General Orders.  That extra time has now expired.